CLERK OF THE
CIRCUIT COURT

## IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY, MARYLAND

21 AT 5: 51

**NATALIE MARIE MILLER**          :          PR GEO CO MD #45
**5300 Beavoir Court**
**West River, Maryland 20778**     :

      *Plaintiff*          :

   **v.**                              :          CASE NO._____

**Apple, INC.**                          :
**One Infinite Loop**
**Cupertino, CA 95014**              :

**SERVE: THE CORPORATION**       :
**TRUST, INC**
**2405 York Road, Suite 201**       :
**Lutherville Timonium, Maryland 21093**

      *Defendant*          :

---

### COMPLAINT

  Plaintiff, Natalie Marie Miller, by her attorney, Christina L. Caron-Moroney,

Thomas V. Mike Miller, Jr., P.A., hereby files suit against the Defendant, Apple, Incorporated

(Hereinafter "Apple"), and for reasons, states as follows:

### INTRODUCTION

1. Plaintiff is a resident of Anne Arundel County, Maryland.

2. Defendant Apple, Inc. carries on regular and substantial business in Prince

  George's County, Maryland.

### JURISDICTION AND VENUE

3. Jurisdiction is appropriate in the State of Maryland pursuant to Md. Cts. &

  Jud. Proc. §6-102 and §6-103(b)(1)-(6).

4. Venue as to all claims is appropriate in Prince George's County, Maryland pursuant to Md. Cts. & Jud. Proc. §6-201(a) in that the Defendants carry on regular business, are employed, habitually engaged in a profession and/or have principal place of business in the State in Prince George's County, Maryland. Venue is also appropriate in Prince George's County, Maryland pursuant to §6-202(8), in that the cause of action arose in Prince George's County, Maryland.

## FACTUAL BACKGROUND

5. On or about October 22, 2017 at 7505 Dartmouth Avenue, College Park, Prince George's County, Maryland, Plaintiff suffered serious and permanent injuries to her left leg when her 45W MagSafe 2 Power Adapter that was included with the purchase of her 2015 Macbook Air Essentials computer tablet caused a significant and severe burn to her left leg.

6. That at the time she incurred the subject injuries, Plaintiff was a student at the University of Maryland, College Park, in Prince George's County Maryland. That, approximately, December of 2015, Plaintiff purchased the aforementioned laptop computer and subject power adapter from a store owned and operated by Defendant within the State of Maryland.

7. That the subject and aforementioned devices (the Macbook Air Essentials laptop and related 45 WMagSafe 2 power adapter) were owned, distributed, and manufactured by Defendant Apple, Inc.

8. That on the date in question, Plaintiff was utilizing the aforementioned laptop computer and related power adapter in a reasonable and safe manner.

9. Plaintiff had the subject power adapter plugged into a power source and plugged into the laptop itself. Plaintiff was utilizing the subject laptop and power adapter while she was on top of her bed. Plaintiff's left leg was touching the subject power adapter.

10. That while the power adapter was in contact with Plaintiff's left leg it became unreasonably and dangerously hot, which caused a significant burn to form on Plaintiff's left leg that resulted in a permanent scar to her leg.

11. The Plaintiff properly used the subject devices, in a manner and purpose consistent with all directions and warnings as described and printed on the subject packaging materials of the Macbook Air Essentials.

12. At all times relevant herein, the Plaintiff, Natalie Marie Miller, was exercising due care, and was free of negligence

## CAUSES OF ACTION
## COUNT I
## NEGLIGENCE

13. Plaintiff incorporate by reference all other paragraphs of this Complaint as if fully set forth herein.

14. At all times relevant to this action, Defendant had a duty to exercise reasonable care, and to comply with the existing standards of care, in their preparation, design, research, development, manufacture, inspection, labeling, marketing, promotion and sale of the 2015 Macbook Air Essentials and associated power adapter; which Defendant introduced into the stream of commerce, including a duty to ensure that users would not suffer from unreasonable, dangerous or untoward harms.

15. At all times relevant to this action, Defendant had a duty to warn all consumers, including Plaintiff, of the risks, dangers, and associated with and or likely to occur with the use of the subject laptop and subject power adapter.

16. At all times relevant to this action, Defendant knew or reasonably should have known that the laptop and/or power adapter were unreasonably dangerous and defective when used as directed and as designed.

17. Based on what they knew or reasonably should have known as described above, the Defendant deviated from principles of due care, deviated from the standard of care, and was otherwise negligent in one or more of the following particulars:

1. In failing to conduct those tests and studies necessary to determine that the Macbook Air Essentials and related power adapter could easily cause significant burning when in contact with human skin;

2. In failing to instruct or warn consumers that the safety of the Macbook Air Essentials and related power adapter had not been established for safe use over a period of time;

3. In failing to disclose to consumers that prolonged contact with skin of the 45W MagSafe 2 power adapter, while being used accordance with the manufacturing recommendations, and while plugged into a power source, may cause serious and permanent injury and scarring;

4. In failing to include an adequate precaution against allowing skin to come into contact with the subject power adapter over a period of time;

5. In failing to provide to consumers adequate instructions for the safe use of the aforementioned devices;

6. Manufacturing and promoting a product that was known to cause burning, scarring, and harms when used as directed.

18. At all relevant times, Defendant knew or reasonably should have known that the subject devices were unreasonably dangerous and defective when used as directed and designed.

19. The product defects alleged above were a substantial contributing cause of the injuries and damages suffered by Plaintiff.

20. The injuries and damages suffered by Plaintiff were the reasonably foreseeable results of Defendant's negligence.

21. That as a direct and proximate result of the negligent actions of the Defendant, Plaintiff has been forced to expend and will continue to expend in the future, large sums of money for hospitalization, x-rays, doctors, nurses, medical treatment, and medications for the treatment of the aforementioned injuries to the Plaintiff, Natalie Marie Miller.

WHEREFORE, Plaintiff, Natalie Marie miller, demands judgment against said Defendant a sum in excess of Seventy-Five Thousand ($75,000.00) Dollar, plus interest and costs of the suit.

## COUNT II
## STRICT LIABILITY

22. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.

23. Plaintiff is in the class of persons that the Defendant should reasonably foresee as being subject to the harm caused by defectively designed laptops and related power adapters insofar as Plaintiff was the type of person for whom the subject devices were intended to be used.

24. Defendant, who is engaged in the business of selling the products, manufactured and supplied Macbook Air Essentials and the power adapters used with the laptops and placed them into the stream of commerce in a

12

defective and unreasonably dangerous condition such that the foreseeable

risks exceeded the benefits associated with the design and/or formulation of

the products.

25. The Macbook Air Essentials and power adapter supplied to Plaintiff were

defective in design and formulation and unreasonably dangerous when they

left the hands of Defendant, the manufacturers and suppliers, and they reached

the user and consumer of the products, Plaintiff, without substantial alteration

in the condition in which they were sold.

26. The Macbook Air Essentials and power adapter manufactured by Defendant

were unreasonable and dangerously defective beyond the extent contemplated

by ordinary consumers with ordinary knowledge regarding these products.

27. Defendant's Macbook Air Essentials and power adapter were defective due to

inadequate warning and/or inadequate clinical trials, testing and study, and

inadequate reporting regarding the results of such studies.

28. Defendant's Macbook Air Essentials and power adapter were defective due to

inadequate post-marketing warning or instruction because, after Defendant

knew or should have known of the risk of injury from their Macbook Air

Essentials and power adapter, they failed to provide adequate warnings to the

consumers, and continued to promote the products as safe and effective.

29. The product defects alleged above were the sole contributing cause of the

injuries suffered by Plaintiff. Specifically, the Macbook Air Essentials and

power adapter caused Plaintiff to suffer the significant burn and permanent

scarring.  In addition, Plaintiff has suffered mental distress and anguish and has suffered permanent impairment of the use and function of her affected leg.

30. That as a direct and proximate result of the negligent actions of the Defendant, Plaintiff has been forced to expend and will continue to expend in the future, large sums of money for hospitalization, x-rays, doctors, nurses, medical treatment, and medications for the treatment of the aforementioned injuries to the Plaintiff, Natalie Marie Miller.

WHEREFORE, Plaintiff, Natalie Marie miller, demands judgment against said Defendant a sum in excess of Seventy-Five Thousand ($75,000.00) Dollar, plus interest and costs of the suit.

## COUNT III
## STRICT PRODUCTS LIABILITY

31. Plaintiff incorporate by reference all other paragraphs of this Complaint as if fully set forth herein.

32. Defendant manufactured Macbook Air Essentials lap tops and power adapters, and placed them into the stream of commerce in a defective and unreasonably dangerous condition such that the foreseeable risks exceeded the benefits associated with the design and/or formulation of the products.

33. Defendant's manufactured Macbook Air Essentials lap tops pumps were defective due to inadequate warning and/or inadequate clinical trials, and study, and inadequate reporting regarding the results.

34. Defendant's manufactured Macbook Air Essentials lap tops were defective due to inadequate post-marketing warning or instruction because, after

Defendant knew or should have known of the risk of injury from their laptops and power adapters, they failed to provide adequate warnings to consumers, and continued to promote the manufactured Macbook Air Essentials laptops and power adapters.

35. The defective warnings and labeling on the Macbook Air Essentials laptops and power adapters were substantial factors in bringing about the injuries to the Plaintiff.

36. As the direct and proximate cause of the defective condition of the Macbook Air Essentials laptop and power adapter as manufactured and/or supplied by Defendant, and specifically their failure to warn, and their negligence, carelessness, other wrongdoing and actions described herein, Plaintiff suffered those injuries and damages as described with particularity, above.

37. That as a direct and proximate result of the negligent actions of the Defendant, Plaintiff has been forced to expend and will continue to expend in the future, large sums of money for hospitalization, x-rays, doctors, nurses, medical treatment, and medications for the treatment of the aforementioned injuries to the Plaintiff, Natalie Marie Miller.

WHEREFORE, Plaintiff, Natalie Marie Miller, demands judgment against said Defendant a sum in excess of Seventy-Five Thousand ($75,000.00) Dollar, plus interest and costs of the suit.


## COUNT IV
## NEGLIGENT DESIGN AND/OR MAINTENANCE – PRODUCTS LIABILITY

38. Plaintiff incorporate by reference all other paragraphs of this Complaint as if fully set forth herein.

39. Defendant built, assembled, and manufactured the subject devices that had a defective design or were defectively maintained. Accordingly, Defendant owed a duty to Plaintiff that the subject product was designed and maintained in such a way that made the product safe for its intended purpose.

40. Defendant knew or should have known when building, assembling, maintaining and otherwise manufacturing the subject product that it was designed defectively or maintained, creating a unreasonable risk of injury for to Plaintiff.

41. Defendant was negligent in failing to properly design, manufacture, manufacture, maintain, and communicate the defect with the power adapter to Plaintiff, creating a clear and immediate risk of serious injury. As a direct and proximate result, Plaintiff sustained serious and permanent injury.

WHEREFORE, Plaintiff, Natalie Marie miller, demands judgment against said Defendant a sum in excess of Seventy-Five Thousand ($75,000.00) Dollar, plus interest and costs of the suit.

## COUNT V
## STRICT LIABILITY – ABNORMALLY DANGEROUS ACTIVITY – PRODUCTS LIABILITY

42. Plaintiff incorporate by reference all other paragraphs of this Complaint as if fully set forth herein.

43. Defendant's conduct in maintaining and distributing the dangerous subject devices in a public store/area constituted an abnormally dangerous activity which exposed Plaintiff to an unreasonable risk of harm.

44. At all relevant times, Defendant had control over the abnormally dangerous subject devices that they manufactured and sold to the Plaintiff.

45. As set forth above, Plaintiff sustained injury as a direct and proximate cause of this unreasonably dangerous activity.

WHEREFORE, Plaintiff, Natalie Marie miller, demands judgment against said Defendant a sum in excess of Seventy-Five Thousand ($75,000.00) Dollar, plus interest and costs of the suit.

## COUNT VI
## STRICT PRODUCTS LIABILITY: FAILURE TO WARN

46. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.

47. Defendants manufactured laptops and power adapters, and placed them into the stream of commerce in a defective and unreasonably dangerous condition such that the foreseeable risks exceeded the benefits associated with the design and/or formulation of the products.

48. Defendant's laptops and power adapters were defective due to inadequate warning and/or inadequate clinical trials, and inadequate reporting regarding the results.

49. Defendant's laptops and power adapters were defective due to inadequate post-marketing warning or instruction because, after Defendant knew or

should have known of the risk of injury from their product and, they failed to provide adequate warnings to the public, and continued to promote, advertise and sell the laptops and power adapters.

50. The defective warnings and labeling on the subject products were substantial factors in bringing about the injuries to the Plaintiff.

51. As the direct and proximate cause of the defective condition of the laptop and power adapter as manufactured and/or supplied by Defendant, and specifically their failure to warn, and their negligence, carelessness, other wrongdoing and actions described herein, Plaintiff suffered those injuries and damages as described with particularity, above.

52. As a direct and proximate cause of the Defendant's negligence, Plaintiff suffered the permanent scarring, inconvenience, pain and discomfort. Plaintiff will also require future medical care and has suffered mental distress and anguish and other damages.

WHEREFORE, Plaintiff, Natalie Marie miller, demands judgment against said Defendant a sum in excess of Seventy-Five Thousand ($75,000.00) Dollar, plus interest and costs of the suit.

**COUNT VII**
**(Breach of Implied Warranty)**

53. That Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.

54. At the time of the sale and delivery of the subject laptop and power adapter Defendant Apple, Inc. impliedly warranted to Plaintiff, that the subject

devices were safe, merchantable and fit for the ordinary purpose of consumption.

55. At the time of sale and delivery of the subject devices, Defendant Apple, Inc., impliedly warranted to Plaintiff that the devices manufactured and sold to her were done so safely, accurately, and that the devices were fit for the particular purpose which Defendant Apple, Inc. held themselves out to the public as possessing superior knowledge and skill in the designing, manufacturing building, and selling of electronic equipment to include the subject laptop and power adapter.  Plaintiff Miller relied on this superior knowledge and skill of Defendant Apple in selecting Apple, Inc. as the maker, builder, manufacturer, and seller of the subject laptop and power adapter for her purchase and use.

56.   Plaintiff Miller notified Defendant Apple of the breach of warranty within a reasonable time after discovering the breach and prior to filing this action.

57.   As a result, Defendant Apple breached their implied warranties of merchantability and fitness for a particular purpose to Plaintiff Miller, which directly and proximately caused injured the Plaintiff who has sustained all the injuries and damages alleged above.

WHEREFORE, Plaintiff, Natalie Marie miller, demands judgment against said Defendant a sum in excess of Seventy-Five Thousand ($75,000.00) Dollar, plus interest and costs of the suit.

**THOMAS V. MIKE MILLER, JR., P.A.**

/s/ Christina L. Caron-Moroney
Christina L. Caron-Moroney
8808 Old Branch Ave.

Clinton, Maryland 20735
(301) 856-3030
CPF: 0812160122
Counsel for Plaintiff

## **JURY DEMAND**

Plaintiff, Natalie Marie Miller, hereby demands a trial by jury as to all issues in this matter.

THOMAS V. MIKE MILLER, JR., P.A.

/s/ Christina L. Caron-Moroney
Christina L. Caron-Moroney
8808 Old Branch Ave.
Clinton, Maryland 20735
(301) 856-3030
CPF: 0812160122
Counsel for Plaintiff