## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### (Southern Division)

NATALIE MARIE MILLER,

               *Plaintiff*,

    v.

APPLE INC.

              *Defendant*.

Case No. 8:21-cv-00632

## DEFENDANT APPLE INC.'S ANSWER

Defendant Apple Inc. ("Apple"), by and through its counsel, Schiff Hardin LLP, for its Answer and Defenses to the Complaint filed on October 21, 2020, by Plaintiff Natalie Marie Miller ("Plaintiff") in the Circuit Court for Prince George's County, Maryland and removed on March 12, 2021, to the United States District Court for the District of Maryland, states as follows.

## INTRODUCTION

**1.     Plaintiff is a resident of Anne Arundel County, Maryland.**

**ANSWER:**    Apple denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Complaint.

**2.     Defendant Apple, Inc. carries on regular and substantial business in Prince George's County, Maryland.**

**ANSWER:**    Apple admits that it is engaged in business throughout the United States, including in Prince George's County, Maryland.

**JURISDICTION AND VENUE**

3.      **Jurisdiction is appropriate in the State of Maryland pursuant to Md. Cts. & Jud. Proc. § 6-102 and § 6-103(b)(1)-(6).**

**ANSWER:**   Paragraph 3 of the Complaint asserts a legal conclusion to which no response is required.  Apple refers all matters of law to this honorable Court.  To the extent a response is required, Apple states that jurisdiction is appropriate in the United States District Court for the District of Maryland pursuant to 28 U.S.C. § 1332.  Apple denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 3 of the Complaint.

4.      **Venue as to all claims is appropriate in Prince George's County, Maryland pursuant to Md. Cts. & Jud. Proc. §6-201(a) in that the Defendants [*sic*] carry on regular business, are employed, habitually engaged in a profession and/or have principal place of business in the State in Prince George's County, Maryland.  Venue is also appropriate in Prince George's County, Maryland pursuant to §6-202(8), in that the cause of action arose in Prince George's County, Maryland.**

**ANSWER:**   Paragraph 4 of the Complaint asserts a legal conclusion to which no response is required.  Apple refers all matters of law to this honorable Court.  To the extent a response is required, Apple states that venue is appropriate in the United States District Court for the District of Maryland, Southern Division pursuant to 28 U.S.C. § 100(2).  Apple denies that it is "employed, habitually engaged in a profession and/or [has] principal place of business in the State in Prince George's County, Maryland."  Apple denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 4 of the Complaint.

## FACTUAL BACKGROUND

**5.     On or about October 22, 2017 at 7505 Dartmouth Avenue, College Park, Prince George's County, Maryland, Plaintiff suffered serious and permanent injuries to her left leg when her 45W MagSafe 2 Power Adapter that was included with the purchase of her 2015 Macbook Air Essentials computer tablet caused a significant and severe burn to her left leg.**

**ANSWER:**    Apple denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of the Complaint.

**6.     That at the time she incurred the subject injuries, Plaintiff was a student at the University of Maryland, College Park, in Prince George's County Maryland. That, approximately, December of 2015, Plaintiff purchased the aforementioned laptop computer and subject power adapter from a store owned and operated by Defendant within the State of Maryland.**

**ANSWER:**    Apple denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Complaint.

**7.     That the subject and aforementioned devices (the Macbook Air Essentials laptop and related 45 WMagSafe 2 power adapter) were owned, distributed, and manufactured by Defendant Apple, Inc.**

**ANSWER:**    Apple denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of the Complaint.

**8.     That on the date in question, Plaintiff was utilizing the aforementioned laptop computer and related power adapter in a reasonable and safe manner.**

**ANSWER:**   Paragraph 8 of the Complaint asserts a legal conclusion to which no response is required.  Apple refers all matters of law to this honorable Court.  To the extent a response is required, Apple denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Complaint.

9.      **Plaintiff had the subject power adapter plugged into a power source and plugged into the laptop itself Plaintiff was utilizing the subject laptop and power adapter while she was on top of her bed.  Plaintiff's left leg was touching the subject power adapter.**

**ANSWER:**   Apple denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of the Complaint.

10.     **That while the power adapter was in contact with Plaintiff's left leg it became unreasonably and dangerously hot, which caused a significant burn to form on Plaintiff's left leg that resulted in a permanent scar to her leg.**

**ANSWER:**   Paragraph 10 of the Complaint asserts a legal conclusion to which no response is required.  Apple refers all matters of law to this honorable Court.  To the extent a response is required, Apple denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Complaint.

11.     **The Plaintiff properly used the subject devices, in a manner and purpose consistent with all directions and warnings as described and printed on the subject packaging materials of the Macbook Air Essentials.**

**ANSWER:**   Paragraph 11 of the Complaint asserts a legal conclusion to which no response is required.  Apple refers all matters of law to this honorable Court.  To the extent a

response is required, Apple denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Complaint.

**12.     At all times relevant herein, the Plaintiff, Natalie Marie Miller, was exercising due care, and was free of negligence.**

**ANSWER:**   Paragraph 12 of the Complaint asserts a legal conclusion to which no response is required.  Apple refers all matters of law to this honorable Court.  To the extent a response is required, Apple denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Complaint.

### CAUSES OF ACTION

### COUNT I
### NEGLIGENCE

**13.     Plaintiff incorporate [*sic*] by reference all other paragraphs of this Complaint as if fully set forth herein.**

**ANSWER:**   Apple restates its answers to Paragraphs 1 through 12 as its answer to Paragraph 13 of the Complaint.

**14.     At all times relevant to this action, Defendant had a duty to exercise reasonable care, and to comply with the existing standards of care, in their [*sic*] preparation, design, research, development, manufacture, inspection, labeling, marketing, promotion and sale of the 2015 Macbook Air Essentials and associated power adapter; which Defendant introduced into the stream of commerce, including a duty to ensure that users would not suffer from unreasonable, dangerous or untoward harms.**

**ANSWER:**   Paragraph 14 of the Complaint asserts a legal conclusion to which no response is required.  Apple refers all matters of law to this honorable Court.  To the extent a response is required, Apple denies that it breached any duty alleged in the Complaint.

- 5 -

15.     At all times relevant to this action, Defendant had a duty to warn all consumers, including Plaintiff, of the risks, dangers, and associated with and or likely to occur with the use of the subject laptop and subject power adapter.

**ANSWER:**   Paragraph 15 of the Complaint asserts a legal conclusion to which no response is required.   Apple refers all matters of law to this honorable Court.   To the extent a response is required, Apple denies that it breached any duty alleged in the Complaint.

16.     At all times relevant to this action, Defendant knew or reasonably should have known that the laptop and/or power adapter were unreasonably dangerous and defective when used as directed and as designed.

**ANSWER:**   Paragraph 16 of the Complaint asserts a legal conclusion to which no response is required.   Apple refers all matters of law to this honorable Court.   To the extent a response is required, Apple denies the allegations set forth in Paragraph 16 of the Complaint.

17.     Based on what they [*sic*] knew or reasonably should have known as described above, the Defendant deviated from principles of due care, deviated from the standard of care, and was otherwise negligent in one or more of the following particulars.

1.     In failing to conduct those tests and studies necessary to determine that the Macbook Air Essentials and related power adapter could easily cause significant burning when in contact with human skin;

2.     In failing to instruct or warn consumers that the safety of the Macbook Air Essentials and related power adapter had not been established for safe use over a period of time;

3.     In failing to disclose to consumers that prolonged contact with skin of the 45W MagSafe 2 power adapter, while being used accordance with the manufacturing recommendations, and while plugged into a power source, may cause serious and permanent injury and scarring;

4.    **In failing to include an adequate precaution against allowing skin to come into contact with the subject power adapter over a period of time;**

5.    **In failing to provide to consumers adequate instructions for the safe use of the aforementioned devices;**

6.    **Manufacturing and promoting a product that was known to cause burning, scarring, and harms when used as directed.**

**ANSWER:**   Paragraph 17 of the Complaint, including subparts (1) through (6) thereto, asserts legal conclusions to which no response is required.  Apple refers all matters of law to this honorable Court.  To the extent a response is required, Apple denies the allegations set forth in Paragraph 17 of the Complaint, including subparts (1) through (6) thereto.

18.    **At all relevant times, Defendant knew or reasonably should have known that the subject devices were unreasonably dangerous and defective when used as directed and designed.**

**ANSWER:**   Paragraph 18 of the Complaint asserts a legal conclusion to which no response is required.  Apple refers all matters of law to this honorable Court.  To the extent a response is required, Apple denies the allegations set forth in Paragraph 18 of the Complaint.

19.    **The product defects alleged above were a substantial contributing cause of the injuries and damages suffered by Plaintiff.**

**ANSWER:**   Paragraph 19 of the Complaint asserts a legal conclusion to which no response is required.  Apple refers all matters of law to this honorable Court.  To the extent a response is required, Apple denies the allegations set forth in Paragraph 19 of the Complaint.

20.    **The injuries and damages suffered by Plaintiff were the reasonably foreseeable results of Defendant's negligence.**

**ANSWER:**   Paragraph 20 of the Complaint asserts a legal conclusion to which no response is required.  Apple refers all matters of law to this honorable Court.  To the extent a response is required, Apple denies the allegations set forth in Paragraph 20 of the Complaint.

**21.     That as a direct and proximate result of the negligent actions of the Defendant, Plaintiff has been forced to expend and will continue to expend in the future, large sums of money for hospitalization, x-rays, doctors, nurses, medical treatment, and medications for the treatment of the aforementioned injuries to the Plaintiff, Natalie Marie Miller.**

**ANSWER:**   Paragraph 21 of the Complaint asserts a legal conclusion to which no response is required.  Apple refers all matters of law to this honorable Court.  To the extent a response is required, Apple denies the allegations set forth in Paragraph 21 of the Complaint and further denies that Plaintiff is entitled to any of the relief requested in the "WHEREFORE" paragraph appearing immediately after Paragraph 21.

<u>**COUNT II**</u>
<u>**STRICT LIABILITY**</u>

**22.     Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.**

**ANSWER:**   Apple restates its answers to Paragraphs 1 through 21 as its answer to Paragraph 22 of the Complaint.

**23.     Plaintiff is in the class of persons that the Defendant should reasonably foresee as being subject to the harm caused by defectively designed laptops and related power adapters insofar as Plaintiff was the type of person for whom the subject devices were intended to be used.**

**ANSWER:**   Paragraph 23 of the Complaint asserts a legal conclusion to which no response is required.  Apple refers all matters of law to this honorable Court.  To the extent a

response is required, Apple denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23 of the Complaint.

24.     **Defendant, who is engaged in the business of selling the products, manufactured and supplied Macbook Air Essentials and the power adapters used with the laptops and placed them into the stream of commerce in a defective and unreasonably dangerous condition such that the foreseeable risks exceeded the benefits associated with the design and/or formulation of the products.**

**ANSWER:**   Paragraph 24 of the Complaint asserts a legal conclusion to which no response is required.  Apple refers all matters of law to this honorable Court.  To the extent a response is required, Apple denies the allegations set forth in Paragraph 24 of the Complaint.

25.     **The Macbook Air Essentials and power adapter supplied to Plaintiff were defective in design and formulation and unreasonably dangerous when they left the hands of Defendant, the manufacturers and suppliers, and they reached the user and consumer of the products, Plaintiff, without substantial alteration in the condition in which they were sold.**

**ANSWER:**   Paragraph 25 of the Complaint asserts a legal conclusion to which no response is required.  Apple refers all matters of law to this honorable Court.  To the extent a response is required, Apple denies the allegations set forth in Paragraph 25 of the Complaint.

26.     **The Macbook Air Essentials and power adapter manufactured by Defendant were unreasonable and dangerously defective beyond the extent contemplated by ordinary consumers with ordinary knowledge regarding these products.**

**ANSWER:**   Paragraph 26 of the Complaint asserts a legal conclusion to which no response is required.  Apple refers all matters of law to this honorable Court.  To the extent a response is required, Apple denies the allegations set forth in Paragraph 26 of the Complaint.

27.     **Defendant's Macbook Air Essentials and power adapter were defective due to inadequate warning and/or inadequate clinical trials, testing and study, and inadequate reporting regarding the results of such studies.**

ANSWER:     Paragraph 27 of the Complaint asserts a legal conclusion to which no response is required.  Apple refers all matters of law to this honorable Court.  To the extent a response is required, Apple denies the allegations set forth in Paragraph 27 of the Complaint.

28.     **Defendant's Macbook Air Essentials and power adapter were defective due to inadequate post-marketing warning or instruction because, after Defendant knew or should have known of the risk of injury from their [*sic*] Macbook Air Essentials and power adapter, they [*sic*] failed to provide adequate warnings to the consumers, and continued to promote the products as safe and effective.**

ANSWER:     Paragraph 28 of the Complaint asserts a legal conclusion to which no response is required.  Apple refers all matters of law to this honorable Court.  To the extent a response is required, Apple denies the allegations set forth in Paragraph 28 of the Complaint.

29.     **The product defects alleged above were the sole contributing cause of the injuries suffered by Plaintiff.  Specifically, the Macbook Air Essentials and power adapter caused Plaintiff to suffer the significant burn and permanent scarring.  In addition, Plaintiff has suffered mental distress and anguish and has suffered permanent impairment of the use and function of her affected leg.**

ANSWER:     Paragraph 29 of the Complaint asserts a legal conclusion to which no response is required.  Apple refers all matters of law to this honorable Court.  To the extent a response is required, Apple denies the allegations set forth in Paragraph 29 of the Complaint.

30.     That as a direct and proximate result of the negligent actions of the Defendant, Plaintiff has been forced to expend and will continue to expend in the future, large sums of money for hospitalization, x-rays, doctors, nurses, medical treatment, and medications for the treatment of the aforementioned injuries to the Plaintiff, Natalie Marie Miller.

ANSWER:   Paragraph 30 of the Complaint asserts a legal conclusion to which no response is required.  Apple refers all matters of law to this honorable Court.  To the extent a response is required, Apple denies the allegations set forth in Paragraph 30 of the Complaint and further denies that Plaintiff is entitled to any of the relief requested in the "WHEREFORE" paragraph appearing immediately after Paragraph 30.

## COUNT III
## STRICT PRODUCTS LIABILITY

31.     Plaintiff incorporate [*sic*] by reference all other paragraphs of this Complaint as if fully set forth herein.

ANSWER:   Apple restates its answers to Paragraphs 1 through 30 as its answer to Paragraph 31 of the Complaint.

32.     Defendant manufactured Macbook Air Essentials lap tops and power adapters, and placed them into the stream of commerce in a defective and unreasonably dangerous condition such that the foreseeable risks exceeded the benefits associated with the design and/or formulation of the products.

ANSWER:   Paragraph 32 of the Complaint asserts a legal conclusion to which no response is required.  Apple refers all matters of law to this honorable Court.  To the extent a response is required, Apple denies the allegations set forth in Paragraph 32 of the Complaint.

33.     **Defendant's manufactured Macbook Air Essentials lap tops pumps were defective due to inadequate warning and/or inadequate clinical trials, and study, and inadequate reporting regarding the results.**

**ANSWER:**     Paragraph 33 of the Complaint asserts a legal conclusion to which no response is required.  Apple refers all matters of law to this honorable Court.  To the extent a response is required, Apple denies the allegations set forth in Paragraph 33 of the Complaint.

34.     **Defendant's manufactured Macbook Air Essentials lap tops were defective due to inadequate post-marketing warning or instruction because, after Defendant knew or should have known of the risk of injury from their [*sic*] laptops and power adapters, they [*sic*] failed to provide adequate warnings to consumers, and continued to promote the manufactured Macbook Air Essentials laptops and power adapters.**

**ANSWER:**     Paragraph 34 of the Complaint asserts a legal conclusion to which no response is required.  Apple refers all matters of law to this honorable Court.  To the extent a response is required, Apple denies the allegations set forth in Paragraph 34 of the Complaint.

35.     **The defective warnings and labeling on the Macbook Air Essentials laptops and power adapters were substantial factors in bringing about the injuries to the Plaintiff.**

**ANSWER:**     Paragraph 35 of the Complaint asserts a legal conclusion to which no response is required.  Apple refers all matters of law to this honorable Court.  To the extent a response is required, Apple denies the allegations set forth in Paragraph 35 of the Complaint.

36.     **As the direct and proximate cause of the defective condition of the Macbook Air Essentials laptop and power adapter as manufactured and/or supplied by Defendant, and specifically their [*sic*] failure to warn, and their [*sic*] negligence, carelessness, other**

wrongdoing and actions described herein, Plaintiff suffered those injuries and damages as described with particularity, above.

**ANSWER:**   Paragraph 36 of the Complaint asserts a legal conclusion to which no response is required.  Apple refers all matters of law to this honorable Court.  To the extent a response is required, Apple denies the allegations set forth in Paragraph 36 of the Complaint.

**37.    That as a direct and proximate result of the negligent actions of the Defendant, Plaintiff has been forced to expend and will continue to expend in the future, large sums of money for hospitalization, x-rays, doctors, nurses, medical treatment, and medications for the treatment of the aforementioned injuries to the Plaintiff, Natalie Marie Miller.**

**ANSWER:**   Paragraph 37 of the Complaint asserts a legal conclusion to which no response is required.  Apple refers all matters of law to this honorable Court.  To the extent a response is required, Apple denies the allegations set forth in Paragraph 37 of the Complaint and further denies that Plaintiff is entitled to any of the relief requested in the "WHEREFORE" paragraph appearing immediately after Paragraph 37.

## COUNT IV
## NEGLIGENT DESIGN AND/OR MAINTENANCE – PRODUCTS LIABILITY

**38.    Plaintiff incorporate [*sic*] by reference all other paragraphs of this Complaint as if fully set forth herein.**

**ANSWER:**   Apple restates its answers to Paragraphs 1 through 37 as its answer to Paragraph 38 of the Complaint.

**39.    Defendant built, assembled, and manufactured the subject devices that had a defective design or were defectively maintained.  Accordingly, Defendant owed a duty to Plaintiff that the subject product was designed and maintained in such a way that made the product safe for its intended purpose.**

**ANSWER:**   Paragraph 39 of the Complaint asserts a legal conclusion to which no response is required.  Apple refers all matters of law to this honorable Court.  To the extent a response is required, Apple denies the allegations set forth in Paragraph 39 of the Complaint.

**40.    Defendant knew or should have known when building, assembling, maintaining and otherwise manufacturing the subject product that it was designed defectively or maintained, creating a unreasonable risk of injury for to Plaintiff.**

**ANSWER:**   Paragraph 40 of the Complaint asserts a legal conclusion to which no response is required.  Apple refers all matters of law to this honorable Court.  To the extent a response is required, Apple denies the allegations set forth in Paragraph 40 of the Complaint.

**41.    Defendant was negligent in failing to properly design, manufacture, manufacture, maintain, and communicate the defect with the power adapter to Plaintiff, creating a clear and immediate risk of serious injury.  As a direct and proximate result, Plaintiff sustained serious and permanent injury.**

**ANSWER:**   Paragraph 41 of the Complaint asserts a legal conclusion to which no response is required.  Apple refers all matters of law to this honorable Court.  To the extent a response is required, Apple denies the allegations set forth in Paragraph 41 of the Complaint and further denies that Plaintiff is entitled to any of the relief requested in the "WHEREFORE" paragraph appearing immediately after Paragraph 41.

<u>**COUNT V**</u>
<u>**STRICT LIABILITY – ABNORMALLY DANGEROUS ACTIVITY –**</u>
<u>**PRODUCTS LIABILITY**</u>

**42.    Plaintiff incorporate [*sic*] by reference all other paragraphs of this Complaint as if fully set forth herein.**

**ANSWER:**   Apple restates its answers to Paragraphs 1 through 41 as its answer to Paragraph 42 of the Complaint.

**43.     Defendant's conduct in maintaining and distributing the dangerous subject devices in a public store/area constituted an abnormally dangerous activity which exposed Plaintiff to an unreasonable risk of harm.**

**ANSWER:**   Paragraph 43 of the Complaint asserts a legal conclusion to which no response is required.  Apple refers all matters of law to this honorable Court.  To the extent a response is required, Apple denies the allegations set forth in Paragraph 43 of the Complaint.

**44.     At all relevant times, Defendant had control over the abnormally dangerous subject devices that they [*sic*] manufactured and sold to the Plaintiff.**

**ANSWER:**   Paragraph 44 of the Complaint asserts a legal conclusion to which no response is required.  Apple refers all matters of law to this honorable Court.  To the extent a response is required, Apple denies the allegations set forth in Paragraph 44 of the Complaint.

**45.     As set forth above, Plaintiff sustained injury as a direct and proximate cause of this unreasonably dangerous activity.**

**ANSWER:**   Paragraph 45 of the Complaint asserts a legal conclusion to which no response is required.  Apple refers all matters of law to this honorable Court.  To the extent a response is required, Apple denies the allegations set forth in Paragraph 45 of the Complaint and further denies that Plaintiff is entitled to any of the relief requested in the "WHEREFORE" paragraph appearing immediately after Paragraph 45.

<u>**COUNT VI**</u>
<u>**STRICT PRODUCTS LIABILITY – FAILURE TO WARN**</u>

**46.     Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.**

**ANSWER:**   Apple restates its answers to Paragraphs 1 through 45 as its answer to Paragraph 45 of the Complaint.

**47.     Defendants [*sic*] manufactured laptops and power adapters, and placed them into the stream of commerce in a defective and unreasonably dangerous condition such that the foreseeable risks exceeded the benefits associated with the design and/or formulation of the products.**

**ANSWER:**   Paragraph 47 of the Complaint asserts a legal conclusion to which no response is required.  Apple refers all matters of law to this honorable Court.  To the extent a response is required, Apple denies the allegations set forth in Paragraph 47 of the Complaint.

**48.     Defendant's laptops and power adapters were defective due to inadequate warning and/or inadequate clinical trials, and inadequate reporting regarding the results.**

**ANSWER:**   Paragraph 48 of the Complaint asserts a legal conclusion to which no response is required.  Apple refers all matters of law to this honorable Court.  To the extent a response is required, Apple denies the allegations set forth in Paragraph 48 of the Complaint.

**49.     Defendant's laptops and power adapters were defective due to inadequate post-marketing warning or instruction because, after Defendant knew or should have known of the risk of injury from their [*sic*] product and, they [*sic*] failed to provide adequate warnings to the public, and continued to promote, advertise and sell the laptops and power adapters.**

**ANSWER:**   Paragraph 49 of the Complaint asserts a legal conclusion to which no response is required.  Apple refers all matters of law to this honorable Court.  To the extent a response is required, Apple denies the allegations set forth in Paragraph 49 of the Complaint.

**50.** **The defective warnings and labeling on the subject products were substantial factors in bringing about the injuries to the Plaintiff.**

**ANSWER:** Paragraph 50 of the Complaint asserts a legal conclusion to which no response is required. Apple refers all matters of law to this honorable Court. To the extent a response is required, Apple denies the allegations set forth in Paragraph 50 of the Complaint.

**51.** **As the direct and proximate cause of the defective condition of the laptop and power adapter as manufactured and/or supplied by Defendant, and specifically their [*sic*] failure to warn, and their [*sic*] negligence, carelessness, other wrongdoing and actions described herein, Plaintiff suffered those injuries and damages as described with particularity, above.**

**ANSWER:** Paragraph 51 of the Complaint asserts a legal conclusion to which no response is required. Apple refers all matters of law to this honorable Court. To the extent a response is required, Apple denies the allegations set forth in Paragraph 51 of the Complaint.

**52.** **As a direct and proximate cause of the Defendant's negligence, Plaintiff suffered the permanent scarring, inconvenience, pain and discomfort. Plaintiff will also require future medical care and has suffered mental distress and anguish and other damages.**

**ANSWER:** Paragraph 52 of the Complaint asserts a legal conclusion to which no response is required. Apple refers all matters of law to this honorable Court. To the extent a response is required, Apple denies the allegations set forth in Paragraph 52 of the Complaint and further denies that Plaintiff is entitled to any of the relief requested in the "WHEREFORE" paragraph appearing immediately after Paragraph 52.

## COUNT VII
## (BREACH OF IMPLIED WARRANTY)

**53.     That Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.**

**ANSWER:**   Apple restates its answers to Paragraphs 1 through 52 as its answer to Paragraph 53 of the Complaint.

**54.     At the time of the sale and delivery of the subject laptop and power adapter Defendant Apple, Inc. impliedly warranted to Plaintiff, that the subject devices were safe, merchantable and fit for the ordinary purpose of consumption.**

**ANSWER:**   Paragraph 54 of the Complaint asserts a legal conclusion to which no response is required.  Apple refers all matters of law to this honorable Court.  To the extent a response is required, Apple denies that it breached any warranty alleged in the Complaint.

**55.     At the time of sale and delivery of the subject devices, Defendant Apple, Inc., impliedly warranted to Plaintiff that the devices manufactured and sold to her were done so safely, accurately, and that the devices were fit for the particular purpose which Defendant Apple, Inc. held themselves [*sic*] out to the public as possessing superior knowledge and skill in the designing, manufacturing building, and selling of electronic equipment to include the subject laptop and power adapter.  Plaintiff Miller relied on this superior knowledge and skill of Defendant Apple in selecting Apple, Inc. as the maker, builder, manufacturer, and seller of the subject laptop and power adapter for her purchase and use.**

**ANSWER:**   Paragraph 55 of the Complaint asserts a legal conclusion to which no response is required.  Apple refers all matters of law to this honorable Court.  To the extent a response is required, Apple denies that it breached any warranty alleged in the Complaint.

**56.    Plaintiff Miller notified Defendant Apple of the breach of warranty within a reasonable time after discovering the breach and prior to filing this action.**

**ANSWER:**    Paragraph 56 of the Complaint asserts a legal conclusion to which no response is required.  Apple refers all matters of law to this honorable Court.  To the extent a response is required, Apple denies that it breached any warranty alleged in the Complaint.

**57.    As a result, Defendant Apple breached their [*sic*] implied warranties of merchantability and fitness for a particular purpose to Plaintiff Miller, which directly and proximately caused injured [*sic*] the Plaintiff who has sustained all the injuries and damages alleged above.**

**ANSWER:**    Paragraph 57 of the Complaint asserts a legal conclusion to which no response is required.  Apple refers all matters of law to this honorable Court.  To the extent a response is required, Apple denies the allegations set forth in Paragraph 57 of the Complaint and further denies that Plaintiff is entitled to any of the relief requested in the "WHEREFORE" paragraph appearing immediately after Paragraph 57.

## DEFENSES

### FIRST DEFENSE

Plaintiff fails to state a claim upon which a relief can be granted.

### SECOND DEFENSE

Any recovery by Plaintiff is barred by her contributory negligence.

### THIRD DEFENSE

Any recovery by Plaintiff may be barred or reduced by the negligence, comparative fault, and/or carelessness of a third party or third parties.

## FOURTH DEFENSE

Plaintiff's recovery may be barred or reduced to the extent that Plaintiff failed to mitigate her damages and/or to the extent Plaintiff seeks recovery of unnecessary or unreasonable expenses.

## FIFTH DEFENSE

Plaintiff's claims are barred by misuse of the subject product.

## SIXTH DEFENSE

Any recovery by Plaintiff may be barred or reduced by the abnormal use or alteration of the subject product and/or the failure to read or heed any warnings or instructions accompanying the subject product by persons over whom Apple had no control.

## SEVENTH DEFENSE

Any recovery by Plaintiff may be barred or reduced by the negligence, fault, or carelessness of others that was a proximate cause or the superseding cause or the intervening cause of the alleged injuries and for whose conduct Apple is not responsible.

## EIGHTH DEFENSE

If it is found that any product distributed, manufactured, sold, or maintained by Apple is involved in this lawsuit, such product complied with all applicable statutes and regulations existing at the time of the alleged incident and are entitled to a presumption of not being dangerous or hazardous.

## NINTH DEFENSE

At the time Apple placed the subject product into the stream of commerce, if at all, it conformed to the state-of-the-art applicable to that product at the time.

## TENTH DEFENSE

If it is found that any product distributed, manufactured, sold, or maintained by Apple is involved in this lawsuit, such product underwent substantial alterations and/or modification after that product left the possession and control of Apple.

## ELEVENTH DEFENSE

Apple's liability, if any, is limited pursuant to the provisions of the Maryland Courts and Judicial Proceedings Law and Rules or any other applicable law affecting the liability of Apple, if any.

## TWELFTH DEFENSE

Apple is entitled to a reduction in any verdict against it in the amount of the consideration paid for any release, or in the amount of the pro-rata share of any released joint tortfeasor, pursuant to the Maryland Uniform Contribution Among Tortfeasors Act.

## THIRTEENTH DEFENSE

Plaintiff has failed to join an indispensable party or indispensable parties and therefore the requested relief should be denied.

## FOURTEENTH DEFENSE

Plaintiff's claims may be barred in part or in whole by the applicable statute of limitations.

## FIFTEENTH DEFENSE

Plaintiff's claims may be barred in whole or in part on equitable grounds, including laches, waiver, estoppel, and unclean hands.

## SIXTEENTH DEFENSE

Plaintiff's claims may be limited or barred because of Plaintiff's loss or spoliation of evidence relevant to proving or disproving the matters alleged.

## SEVENTEENTH DEFENSE

Plaintiff's claims are barred in whole or in part by the assumption of risk doctrine.

## EIGHTEENTH DEFENSE

Apple reserves the right to assert any additional defenses that may become apparent during the course of additional investigation and discovery.

WHEREFORE, Defendant Apple Inc. respectfully requests that the Court grant judgment against Plaintiff dismissing the Complaint and awarding Apple all costs and fees incurred in this action, and for such other relief as the Court may deem just, proper, and equitable.

## DEMAND FOR JURY TRIAL

Apple requests a trial by jury on all issues so triable.

Dated:  March 19, 2021                    Respectfully submitted,

                                          /s/ Jeffrey D. Skinner
                                          Jeffrey D. Skinner (Bar No. 17125)
                                          SCHIFF HARDIN LLP
                                          901 K Street NW, Suite 700
                                          Washington, DC  20001
                                          Telephone:  (202) 778-6400
                                          Facsimile:  (202) 778-6460
                                          Email:      jskinner@schiffhardin.com

                                          *Attorneys for Defendant Apple Inc.*

<u>**CERTIFICATE OF SERVICE**</u>

I, Jeffrey D. Skinner, do hereby certify that on March 19, 2021, I electronically filed the foregoing DEFENDANT APPLE INC.'S ANSWER with the Clerk of the Court using the ECF/PACER system which sent notification of such filing to all counsel of record.


                                        /s/ Jeffrey D. Skinner
                                        Jeffrey D. Skinner